IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAN ALTSCHULD, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GINA M. RAIMONDO, in her official capacity as Secretary of the United States Department of Commerce, *et al.*, <br><br> *Defendants*. | No. 21-cv-2779-TSC |

**JOINT STATUS REPORT**

The parties respectfully submit this joint status report in response to the Court's Minute Order of March 30, 2023.

Plaintiffs challenge vaccination requirements that were imposed pursuant to Executive Order 14042 (applicable to employees of federal contractors) and Executive Order 14043 (applicable to employees of the federal government). On May 9, 2023, President Biden revoked both Executive Orders, effective at 12:01 a.m. on May 12, 2023. *See* Exec. Order No. 14099, 88 Fed. Reg. 30,891 (May 9, 2023) ("Revocation Executive Order"). The Revocation Executive Order further specified that "[a]gency policies adopted to implement Executive Order 14042 or Executive Order 14043, to the extent such policies are premised on those orders, no longer may be enforced and shall be rescinded consistent with applicable law." *Id.* at 30,891. Pursuant to the Revocation Executive Order, the Safer Federal Workforce Task Force announced that, effective May 12, "all prior guidance from the Safer Federal Workforce Task Force implementing the requirements of" Executive Order 14042 and Executive Order 14043 "has also been revoked."

Safer Federal Workforce Task Force, *What's New?* (May 12, 2023), https://perma.cc/9UJJ-BNWB.

**Plaintiffs' Position**: The case should proceed through litigation because the revocation of the two Executive Orders does not moot this case. "'[V]oluntary cessation does not moot a case' unless it is 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *West Virginia v. EPA*, 142 S. Ct. 2587, 2607 (2022). This means the government must demonstrate that it is "absolutely clear" there is no reasonable chance it "'reimpose[s]'" vaccine mandates. *Id.* This, the government cannot do, because the recission announcement itself gives no indication that the vaccine mandates may have been unlawful (and thus, unlikely to occur again). To the contrary, the announcement is laudatory of the mandates and signals a willingness to reissue the vaccine in the future. *See* Revocation Executive Order. Because there is no indication such a broad sweeping mandate will not be reissued, the Court cannot consider this case moot.

**Defendants' Position:** This case is clearly moot. Plaintiffs are no longer subject to the vaccination requirements they challenged, and the executive orders that they contend were unlawful can no longer be enforced. Thus, the Court cannot provide Plaintiffs with any "effectual relief." *Senate Permanent Subcomm. on Investigations v. Ferrer*, 856 F.3d 1080, 1086 (D.C. Cir. 2017). As the Supreme Court has explained, "[n]o matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quotation omitted). Plaintiffs still "may desire that [this Court] 'render an opinion to satisfy their demand for vindication,'" but "that is insufficient to justify federal judicial resolution." *SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 389–90 (4th Cir. 2017).

Plaintiffs invoke the voluntary-cessation exception to mootness, but that exception has no application here. The challenged Executive Orders and resulting vaccination policies have not been revoked in response to this litigation, but instead have been revoked—along with several other unchallenged pandemic-related orders—in recognition that the circumstances of the pandemic have changed dramatically since Executive Orders' issuance in September 2021, consistent with the ending of the COVID-19 public health emergency on May 11, 2023. *See* Revocation Executive Order, 88 Fed. Reg. at 30,891 (noting that "we are no longer in the acute phase of the COVID-19 pandemic" and that "based on the latest guidance from our public health experts, we no longer need a Governmentwide vaccination requirement for Federal employees or federally specified safety protocols for Federal contractors"). For all those reasons, there can be no "reasonable expectation that [Plaintiffs] will suffer again in a similar way." *Columbian Rope Co. v. West*, 142 F.3d 1313, 1317 (D.C. Cir. 1998). And "where the harm alleged is a deficient policy and the only relief sought is prospective, it is hard to see how any effect could possibly linger after the [government] corrects the policy." *Citizens for Resp. & Ethics in Washington v. Wheeler*, 352 F. Supp. 3d 1, 14 (D.D.C. 2019). Plaintiffs contend that the case cannot be moot unless Defendants indicate that the challenged policies were unlawful, but "the government need not concede unlawful conduct to moot an action by rescission of the challenged conduct." *Col. Fin. Mgmt. Off. v. Austin*, Nos. 8:22-cv-1275-SDM-TGW, 8:21-cv-2429-SDM-TGW, 2023 WL 2764767, at *2 (M.D. Fla. Apr. 3, 2023) (finding challenge to military COVID-19 vaccination requirement moot following rescission).

Because Plaintiffs wish to proceed with litigation in spite of the Revocation Executive Order, Defendants propose that the stay in this matter should be lifted for the sole purpose of

determining mootness. Consistent with that proposal, if the Court lifts the stay, Defendants will file a motion to dismiss this case as moot by June 20, 2023.

| | |
|---|---|
| Dated: May 23, 2023 | Respectfully submitted, |

/s/ Eric. S. Montalvo
Eric S. Montalvo
D.C. Bar No. 993206
FEDERAL PRACTICE GROUP
1750 K Street Northwest, Suite 900
Washington, D.C. 20006
Telephone: (202)862-4360
Facsimile: (888)899-6053
emontalvo@fedpractice.com

/s/ Carol A. Thompson
Carol A. Thompson,
D.C. Bar No. 1658143
FEDERAL PRACTICE GROUP
1750 K Street Northwest, Suite 900
Washington, D.C. 20006
Telephone: (202)862-4360
Facsimile: (888)899-6053
cthompson@fedpractice.com

/s/ John J. Michels, Jr.
John J. Michels, Jr.
D.C. Bar No. 457575
FEDERAL PRACTICE GROUP
1750 K Street Northwest, Suite 900
Washington, D.C. 20006
Telephone: (202)862-4360
Facsimile: (888)899-6053
lmichels@fedpractice.com

*Counsel for Plaintiffs*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CHRISTOPHER R. HALL
CARLOTTA P. WELLS
Assistant Branch Directors

/s/ Cody T. Knapp
CODY T. KNAPP (NY # 5715438)
R. CHARLIE MERRITT
Trial Attorneys
United States Department of Justice
Civil Division
Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 532-5663
E-mail: cody.t.knapp@usdoj.gov

*Counsel for Defendants*