IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAN ALTSCHULD, *et al.*,<br><br>               *Plaintiffs*,<br><br>     v.<br><br>GINA M. RAIMONDO, in her official capacity as Secretary of the United States Department of Commerce, *et al.*,<br><br>               *Defendants*. | No. 21-cv-2779-TSC |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS AS MOOT**

The President has declared that "we are no longer in the acute phase of the COVID-19 pandemic," and that, as a result, "we are now able to move beyond" the need for a "Government-wide vaccination requirement for Federal employees" and "federally specified safety protocols for Federal contractors." *Executive Order on Moving Beyond COVID-19 Vaccination Requirements for Federal Workers*, Exec. Order No. 14099 § 1, 88 Fed. Reg. 30,891, 30,891 (May 9, 2023). Consistent with those declarations, the President also "revoked" the executive orders establishing such requirements—specifically, Executive Orders 14042 and 14043—and ordered that "[a]gency policies adopted to implement Executive Order 14042 or Executive Order 14043, to the extent such policies are premised on those orders, no longer may be enforced and shall be rescinded consistent with applicable law." *Id.* § 2. And the Safer Federal Workforce Task Force has similarly revoked its guidance to agencies on implementing Executive Orders 14042 and 14043. Safer Fed. Workforce Task Force, *What's New?*, https://perma.cc/9UJJ-BNWB; Safer Fed. Workforce Task Force, *For Federal Contractors*, https://perma.cc/2UPS-7XR4.

1

Those actions plainly moot this case.  Plaintiffs are no longer subject to the policies that they asked this Court to declare unlawful and enjoin, and they do not contend that the rescinded policies continue to have any residual effect.  "A decision on [those policies'] validity thus would 'neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.'"  *Sierra Club v. FERC*, 68 F.4th 630, 643 (D.C. Cir. 2023) (quoting *Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir. 1990)).  "Hence, declaratory and injunctive relief would no longer be appropriate."  *Nat'l Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997).  As is "routine" in such circumstances, *Alaska v. USDA*, 17 F.4th 1224, 1227 (D.C. Cir. 2021), the Court should now dismiss the case for lack of jurisdiction.

Nothing in Plaintiffs' opposition brief compels a different result.  Plaintiffs principally contend that "this Court cannot find [Defendants'] voluntary cessation to be mooting" because "the government 'vigorously defends' the legality of its" now-rescinded vaccination policies.  Pls.' Br., ECF No. 47, at 5.  But "the government need not concede unlawful conduct to moot an action by rescission of the challenged conduct."  *Colonel Fin. Mgmt. Officer v. Austin*, No. 8:21-cv-2429-SDM-TGW, 2023 WL 2764767, at *2 (M.D. Fla. Apr. 3, 2023).  If anything, the government's consistent defense of the challenged executive orders in the face of prolonged litigation across the country is powerful evidence that Defendants have *not* "acted in order to manipulate the judicial process," as required for the voluntary-cessation exception to apply.  *Alaska*, 17 F.4th at 1230.  And though Plaintiffs "surmise that the Revocation Executive Order was issued so as to avoid" adverse judicial rulings, Pls.' Br., ECF No. 47, at 5, the record is crystal clear that the President revoked Executive Orders 14042 and 14043 as part of a broader wind-down of COVID-19 emergency policies based on the waning of the pandemic, not out of any effort to evade judicial review or gain litigation advantage.

Plaintiffs also protest that Defendants have not foresworn their authority to readopt the rescinded vaccination policies if similar circumstances arise in the future, *see id.* at 4, but that is not enough to perpetuate this case. "It is black-letter law that the government's mere ability to reimplement the statute or regulation at issue is insufficient to prove the voluntary-cessation exception." *U.S. Navy SEALs 1–26 v. Biden*, No. 22-10077, 2023 WL 4362355, at *5 (5th Cir. July 6, 2023) (internal quotation omitted). Instead, for there to be a reasonable expectation of recurrence such that this case continues to present an Article III controversy, there must be "evidence indicating that the challenged [policies] likely will be reenacted." *Nat'l Black Police Ass'n*, 108 F.3d at 349. But no such evidence exists here. Over 270 million Americans, including the overwhelming majority of civilian federal employees, have received at least one dose of the COVID-19 vaccine, and COVID-19 deaths and hospitalizations have declined dramatically since Executive Orders 14042 and 14043 were issued in September 2021. *See* Exec. Order No. 14099 § 1. Given this progress, there is no reason to expect the COVID-19 pandemic to reenter an acute phase posing the same degree of danger to the public and federal workforce. And even if the pandemic were to take an unexpected turn, any policies adopted in response would be based on and tailored to those new circumstances. The point remains that, at this time, no reasonable prospect exists that Defendants will resume enforcing the same policies challenged here.

Contrary to Plaintiffs' suggestion, *see* Pls.' Br., ECF No. 47, at 5, the Supreme Court's decisions in *West Virginia v. EPA*, 142 S. Ct. 2587 (2022), and *Parents Involved in Community Schools v. Seattle School Dist. No. 1*, 551 U.S. 701 (2007), do not undermine a finding of mootness here. In *West Virginia*, the Supreme Court held that the petitioners in that case retained a sufficient stake in challenging the D.C. Circuit's judgment below because, as a formal matter, that judgment would have resurrected a rule requiring the petitioners to adopt more stringent regulations of power

plant emissions, and, as a practical matter, there was no evidence that an ongoing EPA rulemaking would lift that requirement.  142 S. Ct. at 2606–07.  And in *Parents Involved*, the Supreme Court declined to find the petitioners' case moot where the school district had only "ceased using the [challenged] racial tiebreaker pending the outcome of th[e] litigation," and "nowhere suggest[ed] that if th[e] litigation [was] resolved in its favor it [would] not resume using race to assign students."  551 U.S. at 719.

In contrast to those cases, here there is no non-remote possibility that Defendants will readopt the policies Plaintiffs challenged.  Indeed, the President's order rescinding those policies "evinces an intent to the contrary."  *Nat'l Black Police Ass'n*, 108 F.3d at 350; *see* Exec. Order No. 14099 § 1 (stating that "we no longer need a Government-wide vaccination requirement for Federal employees or federally specified safety protocols for Federal contractors").  Thus, there is no reason for the Court in this case to deviate from the ever-growing judicial consensus that the lifting of various federal COVID-19 emergency measures—including Executive Orders 14042 and 14043—moots disputes about them.  *See, e.g.*, *Donovan* v. *Vance*, 70 F.4th 1167, 1172 & n.1 (9th Cir. 2023) (finding challenge to Executive Orders 14042 and 14043 was moot and "reject[ing] as meritless" the suggestion that the voluntary-cessation exception to mootness should apply); *Missouri* v. *Biden*, No. 22-1104, 2023 WL 3862561, at *1 (8th Cir. June 7, 2023) (per curiam) (dismissing appeal concerning preliminary injunction against Executive Orders 14042 as moot); *Hollis* v. *Biden*, No. 21-60910, 2023 WL 3593251, at *1 (5th Cir. May 18, 2023) (per curiam) (dismissing appeal concerning preliminary injunction against Executive Orders 14042 and remanding with instructions to dismiss the case as moot); *see also Arizona v. Mayorkas*, 143 S. Ct. 1312, 1313–14 (2023) (statement of Gorsuch, J.) (explaining how "the end of the public-health emergency underlying the Title 42 orders . . . are enough to persuade the Court that the Title 42

4

orders . . . are now as good as gone and any dispute over them is moot"); *Health Freedom Defense Fund*, 71 F.4th at 894 (remanding case about the federal COVID-19 mask mandate with instructions to dismiss as moot); *Livingston Educ. Serv. Agency v. Becerra*, No. 22-1257, 2023 WL 4249469, at *1 (6th Cir. June 29, 2023) (finding that, following rescission of vaccination requirement, requests for injunctive and declaratory relief "would have no bearing on the plaintiffs' rights" and that no exception to mootness applied).  Because Plaintiffs' case is "no longer embedded in any actual controversy about [their] . . . legal rights," *Alvarez v. Smith*, 558 U.S. 87, 93 (2009), the Court should dismiss this case as moot.

Dated:  July 25, 2023                                         Respectfully submitted,

                                                              BRIAN M. BOYNTON
                                                              Principal Deputy Assistant Attorney General

                                                              CHRISTOPHER R. HALL
                                                              CARLOTTA P. WELLS
                                                              Assistant Branch Directors

                                                              */s/ Cody T. Knapp*
                                                              CODY T. KNAPP (NY # 5715438)
                                                              Trial Attorney
                                                              United States Department of Justice
                                                              Civil Division
                                                              Federal Programs Branch
                                                              1100 L Street, NW
                                                              Washington, DC 20005
                                                              Tel:  (202) 532-5663
                                                              E-mail:  cody.t.knapp@usdoj.gov

                                                              *Counsel for Defendants*