UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAN ALTSCHULD**, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>**GINA M. RAIMONDO**, in her official capacity as Secretary of the United States Department of Commerce, *et al.*,<br><br>　　　　Defendants. | Civil Action No. 21-cv-2779 (TSC) |

### MEMORANDUM OPINION

Plaintiffs—federal employees and contractors working for the Departments of Agriculture, Commerce, Defense, Energy, Health and Human Services, Homeland Security, Justice and State, as well as the Central Intelligence Agency, Environmental Protection Agency, Office of the Director of National Intelligence, and United States Agency for International Development—sued Defendants, the heads of those agencies, in their official capacities. Plaintiffs challenge two executive orders that required COVID-19 vaccinations for federal employees and contractors under the Administrative Procedure Act ("APA"), Rehabilitation Act, Americans with Disabilities Act ("ADA"), Food, Drug, and Cosmetic Act ("FDCA"), and the Fifth Amendment of the U.S. Constitution. In light of a subsequent executive order revoking those executive orders, Defendants move to dismiss Plaintiffs' Amended Complaint, ECF No. 32, as moot pursuant to Federal Rule of Civil Procedure 12(b)(1). Def.'s Mot. to Dismiss, ECF No. 45. For the reasons stated below, the court will GRANT Defendants' motion.

I.  BACKGROUND

On September 9, 2021, President Biden issued two executive orders announcing COVID-19 vaccination requirements for federal employees and contractors. *See* Exec. Order No. 14,043, 86 Fed. Reg. 50989 (Sep. 14, 2021) (federal employees) ("Executive Order 14,043"); Exec. Order No. 14,042, 86 Fed. Reg. 50985 (Sep. 14, 2021 (federal contractors) ("Executive Order 14,042"). Executive Order 14,043 required each federal agency to implement a program mandating COVID-19 vaccination for its federal employees. *See* 86 Fed. Reg. 50989. Executive Order 14,042 required federal agencies to include vaccination requirements in new and existing federal contracts. *See* 86 Fed. Reg. 50985. Plaintiffs brought this action in October 2021 and promptly requested a preliminary injunction barring enforcement of both Executive Orders. Mot. for Prelim. Inj., ECF No. 4. The court denied that motion, finding that Plaintiffs failed to show sufficient irreparable harm based on job loss or reputational harm from refusing to comply with the vaccine requirement. Mem. Op., ECF No. 23.

In January 2022, Plaintiffs filed an Amended Complaint, seeking a nationwide preliminary and permanent injunction preventing Defendants from enforcing Executive Orders 14,042 and 14,043. Am. Compl., ECF No. 32. Plaintiffs allege that the Executive Orders resulted in unlawful medical inquiries, disability-based discrimination, and an unlicensed vaccine requirement in violation of the Rehabilitation Act, APA, ADA, and FDCA. *See id.* ¶¶ 53–79. Defendants moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Plaintiffs lacked standing, do not challenge a final agency action under the APA, failed to comply with the Rehabilitation Act's jurisdictional exhaustion requirements, and otherwise fail to state any claims. *See* Defs.' Mot. to Dismiss, ECF No. 31. In March 2023, before ruling on Defendants' motion to dismiss, the court stayed the case because the Executive Orders were no longer being

enforced while litigation challenging the same Orders in other jurisdictions proceeded. March 30, 2023 Min. Order.

On May 9, 2023, President Biden issued Executive Order 14,099, revoking Executive Orders 14,042 and 14,043 and the mandatory implementation of COVID-19 guidance on which Plaintiffs' claims relied. Exec. Order No. 14099 § 2, 88 Fed. Reg. 30891 (May 9, 2023) ("Revocation Order"). In light of the Revocation Order, Defendants move to dismiss Plaintiffs' Amended Complaint as moot. *See* Def.'s Mot. to Dismiss, ECF No. 45 ("Mot."). Plaintiffs oppose, contending the voluntary cessation exception to mootness applies. *See* Pls.' Mem. in Opp'n, ECF No. 47 ("Opp'n").

## II.     LEGAL STANDARD

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The law presumes that "a cause lies outside [the court's] limited jurisdiction" unless the plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citing *Turner v. Bank of North Am.*, 4 U.S. (4 Dall.) 8, 11 (1799)). When deciding a Rule 12(b)(1) motion, the court "must accept all of the factual allegations in the complaint as true, but may . . . consider certain materials outside the pleadings." *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006) (citing *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253–54 (D.C. Cir. 2005)). Nevertheless, "'the court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions.'" *Disner v. United States*, 888 F. Supp. 2d 83, 87 (D.D.C. 2012) (quoting *Speelman*, 461 F. Supp. 2d at 73).

## III.    ANALYSIS

Defendants argue that the court lacks jurisdiction because the Revocation Order moots Plaintiffs' challenges to Executive Orders 14,042 and 14,043. Article III of the Constitution

confines the federal judicial power to present "Cases" and "Controversies." U.S. Const. art. III, § 2. The mootness doctrine, derived from Article III's constraints, limits federal courts' authority to presently active or ongoing cases or controversies, ensuring that an injured party will be redressed by a decision in their favor. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013). "A case becomes moot . . . 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Id.* (quoting *Murphy v. Hunt*, 455 U.S. 758, 481 (1982)). When events transpire after a case has been filed such that a court's decision would not "presently affect the parties' rights nor have a more-than-speculative chance of affecting" their future rights, a case is moot. *Leonard v. Dep't of Def.*, 38 F. Supp. 3d 99, 104 (D.D.C. 2014) (quoting *Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir. 1990)).

With the revocation of Executive Orders 14,042 and 14,043, the mandatory vaccination requirements that prompted Plaintiffs to file suit are no longer in effect. The court cannot provide relief from requirements that do not exist. *See Donovan v. Vance*, 70 F.4th 1167, 1172 (9th Cir. 2023) (mooting a challenge to Executive Orders 14,042 and 14,043 after the issuance of the Revocation Order). The court agrees with the many judges who have already dismissed cases challenging subsequently revoked COVID-19 vaccination requirements as moot. *See, e.g.*, *Payne v. Biden*, 144 S. Ct. 480, 480 (Mem.) (2023) (vacating and remanding with instructions to moot case addressing challenges to Executive Order 14,043); *Biden v. Feds for Med. Freedom*, 144 S. Ct. 480, 480–81 (Mem.) (2023) (same); *Mayes v. Biden*, 89 F.4th 1186, 1188 (Mem.) (2023) (same as to Executive Order 14,042); *Kendall v. Doster*, 144 S. Ct. 481, 481 (Mem.) (2023) (same). The issues presented in this case are no longer live and cannot be redressed by a judgment in Plaintiffs' favor. *See Already, LLC*, 568 U.S. at 91.

Plaintiffs argue that the voluntary cessation exception to mootness applies because the Revocation Order was a litigation response and similar vaccination executive orders are likely to occur in the future. Opp'n at 4. Voluntary cessation occurs when a defendant voluntarily stopped the allegedly wrongful conduct but remains "free to return to his old ways." *See Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)). Courts are particularly hesitant to dismiss as moot cases in which a defendant stopped the challenged actions to avoid litigation. *See Alaska v. USDA*, 17 F.4th 1224, 1229 (D.C. Cir. 2021). If "subsequent events ma[k]e it absolutely clear that the allegedly wrongful behavior could not reasonably expected to recur," however, courts may dismiss the case as moot. *See Friends of the Earth*, 528 U.S. at 189 (quoting *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968)).

Here, Defendants have persuaded the court that "the challenged conduct cannot reasonably be expected to start up again." *Friends of the Earth*, 528 U.S. at 189. First, Defendants did not merely voluntarily stop enforcing Executive Orders 14,042 and 14,043, such that they could resume enforcement at any time. Rather, President Biden revoked the challenged Orders and ordered that any polices "premised on those orders" may "no longer . . . be enforced and shall be rescinded." Exec. Order 14,099 § 2. Accordingly, Defendants have no lawful authority to voluntarily resume enforcement, so it cannot "reasonably be expected to recur." *Friends of the Earth*, 528 U.S. at 189 (quoting *Concentrated Phosphate*, 393 U.S. at 203). Alternatively, Plaintiffs argue that similar executive orders requiring vaccination may occur in the future, but the court cannot redress speculative concerns about possible future executive orders. For a reasonable expectation of recurrence to exist, "there must be evidence indicating that the challenged [policy] likely will be reenacted," not merely that the power to enact it exists. *Larsen v. U.S. Navy*, 525

F.3d 1, 4 (D.C. Cir. 2008) (quoting *Nat'l Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 349 (D.C. Cir. 1997)).  Here, there is no such evidence.

Second, the Revocation Order was not issued "in order to avoid litigation."  *Alaska*, 17 F.4th at 1229 (citation modified).  President Biden revoked Executive Orders 14,042 and 14,043 more than a year and a half after Plaintiffs commenced this lawsuit.  *See generally* Exec. Order No. 14,099; ECF No. 1.  He issued the revocation because of the improved ability to "respond to any potential surge of COVID-19 cases" and a significant decline in COVID-19 related deaths and hospitalizations.  Exec. Order 14,099 § 1–2.  The court cannot therefore "easily surmise" that the Revocation Order sought to avoid a ruling against Defendants. Opp'n at 5.  In light of the Revocation Order, Plaintiffs' challenges to Executive Orders 14,042 and 14,043 are moot and dismissal is warranted under Rule 12(b)(1).

## IV.  CONCLUSION

For the foregoing reasons, the court will GRANT Defendants' motion to dismiss for mootness, ECF No. 45, and DENY Defendants' earlier motion to dismiss, ECF No. 31, as moot.  An Order shall accompany this Opinion.

Date: August 19, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge